CASE NO. 24-20485

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

Daraius Dubash; Faraz Harsini,
*Plaintiffs – Appellants*

v.

City of Houston; Houston Downtown Park Corporation; Robert Douglas; Vern
Whitworth; Discovery Green Conservancy, formerly known as Houston
Downtown Park Conservancy; and Barry Mandel
*Defendants – Appellees*
_____

## BRIEF OF APPELLEE, HOUSTON DOWNTOWN PARK CORPORATION
_____

On Appeal from the United States District Court for the Southern District of Texas,
Houston Division, Civil Action 4:23-cv-03556
Honorable Andrew S. Hanen, Presiding
_____

Laura Flores Macom
Michael H. Wallis
LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 700
San Antonio, TX 78258
(210) 736-6600
lmacom@langleybanack.com
mwallis@langleybanack.com
**Counsel for Appellee,**
**Houston Downtown Park Corporation**

4931-6180-4340, v. 1

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| PLAINTIFFS-APPELLANTS: | COUNSEL FOR APPELLANTS: |
|---|---|
| Daraius Dubash<br><br>Dr. Faraz Harsini | LAW AND RELIGION CLINIC UNIVERSITY OF TEXAS SCHOOL OF LAW<br>    John Greil<br>    Steven T. Collis<br><br>FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION<br>    JT Morris<br>    Gabe Walters<br>    Zach Silver<br>    Sara Berinhoust<br>    Daniel Ortner |

| DEFENDANT-APPELLEE: | COUNSEL FOR APPELLEE: |
|---|---|
| Houston Downtown Park Corporation | LANGLEY & BANACK, INC.<br>    Laura Flores Macom<br>    Michael H. Wallis |

| CO-DEFENDANTS- CO-APPELLEES: | COUNSEL FOR CO-APPELLEES: |
|---|---|
| City of Houston, Texas | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP |

| | |
|---|---|
| Officer Robert Douglas | Andrew S. Holland |
| Officer Vern Whitworth | |
| Discovery Green Conservancy | |
| Barry Mandel | |

*/s/ Laura Flores Macom*
Laura Flores Macom

4931-6180-4340, v. 1

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Because this appeal involves the application of well-established principles regarding the sufficiency of the pleadings, oral argument is unnecessary to aid the Court's decisional process.

However, if the Court believes oral argument will aid in its decision, Appellee Houston Downtown Park Corporation is pleased to participate.

4931-6180-4340, v. 1

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ...................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iv

TABLE OF CONTENTS ..................................................................................... v

TABLE OF AUTHORITIES .............................................................................. vii

STATEMENT OF JURISDICTION ..................................................................... ix

BRIEF OF APPELLEE ....................................................................................... 1

   I. STATEMENT OF THE ISSUES PRESENTED ............................................. 5

   II. STATEMENT OF THE CASE ..................................................................... 6

   III. SUMMARY OF THE ARGUMENT ........................................................... 8

   IV. STANDARD OF REVIEW ........................................................................ 10

   V. ARGUMENT ............................................................................................. 11

      I. The Rule 12(b)(6) Standard ..................................................... 11

      II. The district court properly granted the Park Corporation's motion to dismiss because Appellants failed to allege sufficient facts to show the Park Corporation violated their civil rights under §1983 .................................... 14

         a. Appellants failed to state a claim against the Park Corporation for violations of the First Amendment – Freedom of Speech (Count 1). .15

         b. Appellants failed to state a claim against the Park Corporation for violations of the First Amendment – Prior Restraint (Count 2). .........16

         c. Appellant Dubash failed to state a claim against the Park Corporation for violations of the First Amendment - Free Exercise of Religion (Count 5). .............................................................................19

      III. Appellants failed to properly raise claims under Rule 8(a)(2) against the Park Corporation; thus their dismissal was proper. Even assuming Appellants did assert such claims, they failed to satisfy the Rule 12(b)(6) standard. ................................................................................................20

         a. Appellants did not plead *Monell* liability and/or failure to train against the Park Corporation pursuant to Rule 8(a)(2) and therefore

dismissal is proper. Even assuming Appellants did assert such claims, they failed to satisfy the Rule 12(b)(6) standard...........................21

    i. There was no "unfettered discretion."................................22

    ii. There is no failure to train claim. .....................................26

b. Appellants did not plead ratification against the Park Corporation under Rule 8(a)(2) and therefore dismissal is proper. Even assuming Appellants did assert such a claim, it failed to satisfy the Rule 12(b)(6) standard....................................................................................30

V. The district court properly denied Appellants' motion for preliminary injunction as moot...............................................................................34

AMICUS BRIEFS…………………………………………………………..38

CONCLUSION…………………………………………………………...……..42

CERTIFICATE OF COMPLIANCE........................................................43

CERTIFICATE OF SERVICE ...........................................................444

# TABLE OF AUTHORITIES

<u>Cases</u>

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937, 1940 (2009) ……………………………………………...11

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009) …………………………………………………12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) …………………………………………………11

*Biliski v. Harborth*,
    55 F.3d 160, 162 (5th Cir. 1995) ………………………………………..14

*Brown v. Miller*,
    519 F.3d 231, 236 (5th Cir. 2008) ………………………………………10

*Byrum v. Landreth*,
    566 F.3d 442, 445 (5th Cir. 2009) ………………………………………10

*Doe v. Taylor Indep. Sch. Dist.*,
    15 F.3d 443, 456-57 (5th Cir. 1994) ……………………………………25

*Duvall v. Dallas Cnty.*,
    631 F.3 203, 207-208 (5th Cir. 2011) ……………………………………..25

*Est. of Davis ex rel. McCully v. City of North Richland Hills*,
    406 F.3d 375, 383 (5th Cir. 2005) ………………………………………24

*Fernandez-Montes v. Allied Pilot's Ass'n.*,
    987 F.2d 278, 284 (5th Cir. 1993) ………………………………………13

*Frith v. Guardian Life Ins. Co.*,
    9 F.Supp. 734, 737-38 (S.D.Tex. 1998) …………………………………...13

*Hutcheson v. Dall.Cnty., Tex.*,
    994 F.3d 477, 482 ………………………………………………………20

*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*,
    507 U.S. 163 (1993) ……………………………………………………11

*McNeal v. LeBlanc*,
    90 F.4th 425, 432 (5th Cir. 2024) ………………………………………..25

*Phillips v. Caris Life Scis., Inc.*,
    715 F. App'x 365, 370 (5th Cir. 2017) ……………………………………20

*Ratliff v. Aransas Cnty,*

4931-6180-4340, v. 1

948 F.3d 281, 285 (5th Cir. 2020) ……………………………………………24

*Scanlan v. Tex. A&M Univ.*,
343 F.3d 533, 536 (5th Cir. 2003) ……………………………………………12

*Scheuer v. Rhodes*,
416 U.S. 232, 236 (1974) ……………………………………………11

*Singleton v. Wulff*,
428 U.S. 106, 121 (1976) ……………………………………………10

*Sullivan v. Leor Energy, LLC*,
600 F.3d 542, 546 (5th Cir. 2010) ……………………………………………10

*United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.*,
336 F.3d 375, 379 (5th Cir. 2003) ……………………………………………13

*Vulcan Materials Co. v. City of Tehuaacana*,
238 F.3d 382, 387 (5th Cir. 2001) ……………………………………………13

*West v. Atkins*,
487 U.S. 42, 48 (1988) ……………………………………………14

Statutes

42 U.S.C. § 1983 ....................................................................................11

Rules

Fed. R. App. P. 27(d)(2)(A) ...................................................................30

Fed. R. App. P. 32(a)(5)..........................................................................30

Fed. R. App. P. 32(a)(6)..........................................................................30

Fed. R. App. P. 32(f)................................................................................30

Fed. R. Civ. P. 8(a)(2)..............................................................................11

Fed. R. Civ. P. 12(b)(6)..............................................................................8

Fifth Circuit Rule 28.2.1 ......................................................................... ii

4931-6180-4340, v. 1

## STATEMENT OF JURISDICTION

Appellee Houston Downtown Park Corporation substantially agrees with Appellants' Statement of Jurisdiction.

4931-6180-4340, v. 1

**BRIEF OF APPELLEE**

TO THE HONORABLE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

This appeal concerns the sufficiency of the pleadings in a suit involving allegations of First Amendment violations of freedom of expression and freedom of religion brought by Appellants against Appellee, Houston Downtown Park Corporation, and the other Appellees in this matter. Specifically, on September 20, 2023, Appellees brought claims of First Amendment violations for free speech, prior restraint, free exercise of religion; violations of the Texas Religious Freedom Restoration Act; and sought declaratory and injunctive relief as well as statutory damages and attorney's fees. ROA.12-176. Yet, there are no allegations supporting these claims as to the Park Corporation.

Appellants filed a motion for preliminary injunction on October 10, 2023. ROA.216-219, 227-61. Appellee responded jointly with Co-Appellees on December 27, 2023. ROA.475-506.

Despite Appellants' preliminary statements to the contrary, the Park Corporation has never "forbidden" them from exercising any constitutional rights in Discovery Green.  It is undisputed that the Park Corporation did not control the day-to-day operations of Discovery Green, which is wholly operated and managed by the Conservancy. ROA.15-16, ¶¶16 and 18; 24, ¶61; 791-792, ¶2; 800-801, ¶26; 810-811, §§2 and 4. Moreover, the Park Corporation was not involved in any of the

1

four incidents at Discovery Green upon which Appellants bring this appeal, and did not receive notice of any issues associated with those protests until receipt of the underlying lawsuit. ROA.792, ¶4; 801, ¶26.[1]

Through its operational management of Discovery Green, the Conservancy promulgated a set of rules and regulations governing use of the park. ROA. 24, ¶63; 792, ¶3; 811, ¶4.3; 874-903. These include provisions that prohibit the disruption of the use of Discovery Green by others, using any area of Discovery Green for purposes other than those for which it was designed, and behavior that "reasonably can be expected to disturb others." ROA.876; 883, §2; 890, §§2.1.42 and 2.1.44. The Park Corporation does not draft, implement, or enforce Park Rules. ROA.15-16, ¶¶16 and 18; 24, ¶¶61, 63; 791-792, ¶2-3; 800-801, ¶26; 810-811, §§2 and 4; and 874-903. It did not participate in any way in the development, implementation, or daily enforcement of these Rules as they relate to Appellants' actions during the incidents. ROA.27-35. It is undisputed that these functions were performed by the Conservancy. ROA.27-35.

Thus, the Park Corporation filed a Motion to Dismiss Pursuant to Federal Rule 12(b)(1) and 12(b)(6) on January 5, 2024. ROA.782-918. Appellees responded on

---

[1] Appellants contend "the Park Corporation confirmed receipt of the [notice] letter but never responded." However, a review of the exhibit cited shows that the notice letter was sent to the City of Houston, not to the Park Corporation. ROA.159-164.

February 5, 2024. ROA.963-1012.  The Park Corporation replied on February 19, 2024. ROA.1038-1049.

The matter was submitted to the Honorable Magistrate Richard W. Bennett and on August 26, 2024, he issued his Memorandum and Recommendation, recommending the motion be granted. ROA.1186-1319. Appellants objected on September 9, 2024. ROA.1248-1275. The Park Corporation responded to the Objections on September 23, 2024. ROA.1294-1303.

The district court correctly adopted the Memorandum and Recommendation and granted the motion, and entered judgment on behalf of the Park Corporation on September 30, 2024. ROA.1307-1308. The decision fully aligns with Fifth Circuit and Supreme Court precedent, and the district court considered all salient facts and authority properly.

In this appeal, Appellants continue to ignore the pleadings requirements given equally to all civil litigants in our nation and attempt to recast their failure to plead sufficient facts and properly state a claim as a constitutional threat by the Park Corporation, still without any factual support. The district court in no way limits the ability of any plaintiff to raise constitutional violations, but does require them to comply with the federal pleadings standard. Further, Appellants clearly recognize they have utterly failed to plead sufficient facts against the Park Corporation, and that the district court correctly dismissed the Park Corporation in light of this failure,

4931-6180-4340, v. 1

because their Brief now simply inserts the Park Corporation in arguments that only referenced the City of Houston below. For example, ¶159 of the Complaint (ROA.36) originally stated, "The City confirmed receipt of the letter, but never responded, indicating its approval of the content bans." However, the reference to that allegation in Appellants' Statement of Facts now states, "The City **and the Park Corporation** confirmed receipt of the letter but never responded." Appellants' Brief.12. This is demonstrably false from the exhibits Appellants attached to the Complaint, ostensibly to demonstrate notice. The Park Corporation did not receive the letter, nor did it ever confirm receipt of the letter. ROA.159-164; ROA.792, ¶4; 801, ¶26.

The Statement of Facts contains other language which does not "track" the factual allegations of the Complaint, despite Appellants' assertions to the contrary. They contend the members of the Park Corporation's board of directors "must also be members of the Conservancy's board." Appellants' Brief. 6. This is not accurate. The Complaint contains a direct quote from the Park Corporation's Articles of Incorporation, which states, "must, **at the time of their initial appointment** to the Board, be members in good standing of the Board of Directors of the [Conservancy]." ROA.24 (¶60)(emphasis added). Nothing in the record indicates the members of the board must remain members in good standing of the Board of Directors of the Conservancy after appointment.

Appellants' Brief does nothing to challenge the district court's proper ruling granting the Park Corporation's motion to dismiss. The Park Corporation respectfully requests this Court affirm the trial court's judgment in its favor, including the denial of the preliminary injunction as moot.

# I.
## STATEMENT OF THE ISSUES PRESENTED

1. Did Appellants sufficiently plead their cause of action, and its specific claims as listed below, against the Park Corporation to survive the Federal Rule 12(b)(6) standard?

   a. Count 1: "First Amendment Violation – Prohibiting free speech in a traditional public forum."

   b. Count 2 – "First Amendment Violation – Prior Restraint."

   c. Count 5 – "First Amendment Violation – Restricting the Free Exercise of Religion."

2. Did Appellants fail to properly raise the claims listed below against the Park Corporation, which they now attempt to assert; thereby waiving those claims? And if the claims are not waived, were they sufficiently pleaded?

   a. *Monell* liability

   b. Failure to train; and

   c. Ratification.

5

3. If Appellants failed to sufficiently plead their federal cause of action against the Park Corporation, should the trial court have declined to exercise supplemental jurisdiction over Appellants' state law claims?

4. If Appellants failed to sufficiently plead any cause of action against the Park Corporation such that the district court denied the preliminary injunction as moot, are they entitled to appellate review of the preliminary injunction on the merits?

## II.
## STATEMENT OF THE CASE

Appellants contend that they have been prevented from expressing their opposition to violence against animals, which for Dubash allegedly arises out of his religious beliefs, at Discovery Green. ROA.13-14. By way of background, Discovery Green is a specially designed urban green space in downtown Houston that carries out the vision of the private benefactors who created it for the purpose of providing educational, cultural, and entertainment activities and events for its patrons. ROA.791. In addition to expressing their views on cruelty against animals, Appellants admittedly engage in the wearing of Anonymous masks and hold screens which depict graphic video of cruelty and violence to animals, without regard to children playing nearby or who utilize Discovery Green. *Id.*

The Park Corporation is a local government corporation created by the City of Houston to develop Discovery Green. ROA.15, ¶15; 24, ¶59; and 36, ¶157. The

Park Corporation owns the property that comprises the green space (ROA.31, ¶121), performs governmental functions, and through an Operating Agreement, engaged the Conservancy as an "independent contractor to operate and manage the Park…." ROA.806-873. The Park Corporation does not control the day-to-day operations of Discovery Green, which is wholly operated and managed by the Conservancy. ROA.24, ¶61; 25, ¶65.

Through its operational management of Discovery Green, the Conservancy has promulgated a set of rules and regulations governing its use ("the Park Rules"), an action for which it had an exclusive right. ROA.874-903. The Park Rules include provisions that prohibit the disruption of the use of Discovery Green by others, using any area of Discovery Green for purposes other than those for which it was designed, and behavior that "reasonably can be expected to disturb others." ROA. 876; 883, §2.2.1; and 890; §§2.1.42, 2.1.44.

Appellants alleged that Harsini asked Whitworth and Douglas if they had First Amendment rights, as Dubash was being arrested. ROA.13, ¶4; 34, ¶141. And in response, he was told the matter was "up to the management." *Id.* at 13, ¶4. Appellants went on to acknowledge that "the management" refers specifically to the Conservancy. *Id.* As outlined above, the Park Corporation is not "the management" to which Appellants refer because the Conservancy handled management of the day-

7

to-day operation of Discovery Green. ROA.13, ¶4. The Park Corporation was not involved in the incidents at issue in any way. ROA.792.

**III.**
**SUMMARY OF THE ARGUMENT**

Appellants fail to rebut the proper basis for which the district court entered judgment on behalf of the Park Corporation, opting instead to frame their argument as if the motion to be reviewed by this Court was a merit-based motion for summary judgment rather than a Rule 12(b)(6) pleadings-focused motion to dismiss. Much like the Complaint and the briefing in the district court, Appellants continue to put forth lengthy arguments which have no substantive analytical value at this stage of the case; they signify nothing with regard to the sufficiency of their pleadings.

Specifically, Appellants fail to show how their claims against the Park Corporation for First Amendment violation of free speech (Count 1), First Amendment violation for prior restraint (Count 2), and First Amendment violation of free exercise of religion (Count 5) were sufficiently pleaded to meet the standards of Rule 12(b)(6). Without sufficient pleadings, the district court properly dismissed Appellants' claims against the Park Corporation.

Next, Appellants did not allege a theory of *Monell* liability, ratification, and/or failure to train against the Park Corporation in its Original Complaint. To attempt to raise such claims at the appellate level is improper and supports dismissal.

8

Even assuming the claims were properly raised under Rule 8(a)(2), they are not factually sufficient and do not meet the Rule 12(b)(6) standard. Appellants failed to properly allege any official policy promulgated or implemented by the Park Corporation, by which their rights were violated. No formal policy is pleaded. By failing to do so, Appellants were then required to establish a pattern, practice, or custom of unconstitutional conduct on the part of the Park Corporation to prevail on the motion to dismiss. They failed in this regard as well. Thus, Appellants failed to allege a policy or custom implemented by the Park Corporation and the district court properly dismissed the claim.

Similarly, even assuming a failure to train claim against the Park Corporation was raised in the Complaint under Rule 8(a)(2), there is no factual support for it because Appellants failed to sufficiently allege a pattern of similar unconstitutional violations by untrained employees necessary to demonstrate deliberate indifference. Moreover, as the Complaint was pleaded, the single incident exception does not apply. In fact, Appellants failed to provide any factual allegations for the training they contend the Park Corporation did or did not provide. Thus, the district court correctly granted the Park Corporation's motion to dismiss.

Failing to sufficiently allege the policies, practices, and/or customs implemented by the Park Corporation were unconstitutional, or that the Park

4931-6180-4340, v. 1

Corporation failed to adequately train Conservancy staff, the dismissal of Appellants' §1983 claims was properly granted as to the Park Corporation.

As to Dubash's TRFRA claim, the district court correctly declined to exercise supplemental jurisdiction, as the underlying federal claims lacked a sufficient factual basis. However, Appellants have not raised this here and thus it has been waived.

Finally, having failed to show a sufficient factual basis for their claims, Appellants are not entitled to a preliminary injunction or consideration of such relief on the merits. The district court properly denied Appellants' motion as moot.

Accordingly, this Court should affirm the decision of the district court in its entirety, as to the Park Corporation.

## IV.
### STANDARD OF REVIEW

The Park Corporation agrees that this Court reviews *de novo* the district court's denial of a motion to dismiss for failing to state a claim, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).

The standard of review Appellants propose for the denial of their motion for preliminary injunction as moot is not applicable because it involves review of the merits, which is not present here. *Singleton v. Wulff*, 428 U.S. 106, 121 (1976); *see Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). The issue of whether or not

10

the plaintiffs in these cases had pleaded sufficient facts, leading to the entry of a preliminary injunction, was neither discussed or seemingly in dispute. *See Singleton*, 428 U.S. at 121; *see also Byrum*, 566 F.3d at 445. Instead, as the Memorandum and Recommendation adopted by the district court states, because the Appellants' §1983 claims and state claims were dismissed, the preliminary injunction was rendered moot. ROA.1245, 1307. Therefore, consideration of the preliminary injunction here rests upon the sufficiency of the pleadings, the merits are not properly reached. *Id.*

## V.
### ARGUMENT

## I.    The Rule 12(b)(6) Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must include more than labels and conclusions - a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the complaint must set forth enough facts to state a claim for relief that is plausible on its face. *Id.* at 570. A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). These pleading requirements apply with equal force to claims alleging a right to recover

under 42 U.S.C. § 1983. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

When ruling on a Rule 12(b)(6) motion to dismiss, a judge generally must assume all allegations in the complaint are true. A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Two working principles underlie ...Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Further, in determining whether to grant a motion to dismiss under Rule 12(b)(6), a court generally may not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). A court may, however, consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

A district court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly does not contain sufficient factual detail, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has 'factual plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief." *Id.* at 679. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* It requires more than mere labels and conclusions or formulistic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). Referring to general legal standards or elements of a particular cause of action, without support from substantive facts, does not state a claim. *See Iqbal,* 556 U.S. at 679; *Vulcan Materials Co. v. City of Tehuaacana*, 238 F.3d 382, 387 (5th Cir. 2001).

Therefore, conclusory allegations and factual conclusions will not prevent dismissal under Rule 12(b)(6). *Fernandez-Montes v. Allied Pilot's Ass'n.,* 987 F.2d 278, 284 (5th Cir. 1993). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Frith v. Guardian Life Ins. Co.,* 9 F.Supp. 734, 737-38 (S.D.Tex. 1998). Dismissal is

appropriate when a plaintiff has not alleged enough facts to state a plausible claim on its face or has failed to raise a right to relief above the speculative level. *Twombly,* 500 U.S. at 570. Although facts alleged in a complaint must be accepted as true for purposes of the motion to dismiss, the district court need not accept as true conclusory allegations or unwarranted deductions of fact. *United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003); *see also* Fed. R. Civ. P. 12(b)(6). A plaintiff must do more than complain he is entitled to relief; he must also show it. *Shaw v. Villanueva*, 918 F.3d 414, 415 (4th Cir. 2019).

## II.    The district court properly granted the Park Corporation's motion to dismiss because Appellants failed to allege sufficient facts to show the Park Corporation violated their civil rights under §1983.[2]

To state a claim under 42 U.S.C. §1983 generally, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); see also *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).

---

[2] Overall, Appellants continue to refer to all Appellees collectively throughout the Brief, with little or no distinction as to which "Defendant" they refer. Whether this is strategy or inadvertence is unclear, but the effect is to underscore how spare their allegations against the Park Corporation truly are. In an abundance of caution, the Park Corporation addresses all collective arguments without concession that any of those arguments apply to it, or are properly before this Court.

To establish a § 1983 claim against a municipality, a plaintiff must demonstrate the following elements: 1. A policymaker; 2. An official policy or custom; and 3. A violation of constitutional rights whose moving force is the policy or custom. *Schumpert v. City of Tupelo,* 905 F.3d 310, 316 (5th Cir. 2018).

### a. Appellants failed to state a claim against the Park Corporation for violations of the First Amendment – Freedom of Speech (Count 1).

Appellants' opening salvo is that the Conservancy's actions constitute impermissible restrictions which fail strict scrutiny. Appellants' Brief. 24. However, this misses the point entirely. The essential question at this stage is: have Appellants stated a claim against the Park Corporation for violations of the First Amendment – Freedom of Speech (Count 1)? Simply put, they have not.

Appellants divide their freedom of speech analysis into two categories: 1. That the Conservancy's actions were an impermissible viewpoint-based restriction in a public forum; and 2. "Defendants'" actions with regard to the videos used by Appellants in their protests are content-based restrictions which fail strict scrutiny. Appellants' Brief.24-32.

With regard to the first category – viewpoint discrimination – the only allegations they point out to this Court are attributed to the Conservancy and to the Houston Police Department officers involved in the arrests. Appellants' Brief. 24-25. They argue these allegations show the "Defendants'" subjective view of Appellants' speech, but these allegations do not show the Park Corporation's view

15

at all. There are no allegations in the Complaint regarding the Park Corporation's subjective view, likely because it was not informed of the incidents until it was sued. Thus, nothing in their viewpoint argument supports a First Amendment – Freedom of Speech violation claim against the Park Corporation.

As to their content-based arguments, Appellants again fail to address the state of their allegations, choosing instead to argue strict scrutiny, which is not applied unless and until a plaintiff survives the 12(b)(6) challenge. To the extent they set out allegations, the allegations in the Complaint to which they refer involve the Conservancy's staff and the Appellee police officers. Appellants' Brief. 26-27. As usual, the Park Corporation is not mentioned at all. Even the briefing below to which Appellants cite is from the Co-Appellees and not the Park Corporation. *See e.g.,* ROA.485, 641, 645, 649, 652. Accordingly, nothing in their content-based arguments support a First Amendment – Freedom of Speech violation claim against the Park Corporation.

Therefore, Appellants' First Amendment – Freedom of Speech claim (Count 1) as to the Park Corporation was properly dismissed by the district court. This Court should affirm.

### b. Appellants failed to state a claim against the Park Corporation for violations of the First Amendment – Prior Restraint (Count 2).

Appellants' prior restraint claim appears to be based on a letter allegedly sent to all Appellees "outlining the constitutional and statutory issues underlying this

16

action." Appellants' Brief. 32; ROA.36 (¶¶ 155-158); ROA.160-163, 165-167. The Complaint states it was sent to the Park Corporation. ROA.36 (¶155). However, the exhibit referenced in the Complaint – Exhibit E – does not show any letter addressed or sent to the Park Corporation.  ROA.159-164. The Complaint references the City's confirmation of the letter, and the Conservancy's response. ROA.37 (¶¶159-160). There is no reference to the Park Corporation's receipt of the letter, confirmation of receipt of the letter, or response to the letter.

Although a court generally may not "go outside the complaint," it may consider documents referenced in the complaint which are central to the plaintiff's claim. *Scanlan,* 343 F.3d at 536. Moreover, plausibility requires more than mere labels and conclusions. *Twombly,* 550 U.S. at 556 (2007). Thus this Court is free to consider Exhibit E, submitted by Appellants in the Complaint, and conclude it is insufficient to support a claim of prior restraint against the Park Corporation. ROA.159-164. In fact, the letter constitutes a self-defeating rebuttal of the claim in that it shows the Park Corporation did not receive the letter upon which the prior restraint claim is made.

Further, Appellants argue that there are two examples of impermissible prior restraint in the present case: 1. Restrictions on the documentary film *Dominion* and Anonymous/ Vendetta/ Guy Fawkes masks; and 2. The Conservancy's "[U]ncontrolled discretion."  Appellants' Brief. 34.  As to the first, it is undisputed

17

that the Park Corporation does not promulgate, implement, and/or enforce the Park Rules. ROA.15-16, ¶¶16 and 18; 24, ¶¶61, 63; 791-792, ¶2-3; 800-801, ¶26; 810-811, §§2 and 4; and 874-903. Second, as the record shows and the district court correctly found, the Conservancy does not operate with "uncontrolled" or "unfettered" discretion; decision-making is not left to management "without limitations or guidelines" as Appellants argue. ROA.1238. It is required to comply with all applicable laws including the First Amendment. ROA.811; *see* ROA.1239.

Appellants argue conclusorily, without reference to any part of the Complaint, that they are subject to an indefinite speech prohibition due to the Conservancy's "unrestrained discretion." Appellants' Brief. 35. However, they cite to no portion of the Complaint which provides factual support that the Park Corporation has engaged in prior restraint against them at any time. This is insufficient under the Rule12(b)(6) standard.

Instead, they contend that they do not bear the burden of pleading their prior restraint claim properly – without any authority for this proposition – and request this Court find the Park Corporation somehow failed in its burden. Appellants' Brief. 35. This, again, underscores Appellants' repeated refusal to acknowledge they have failed to satisfy the federal pleadings standards under Rules 8 and 12(b)(6). The Park Corporation points out that, if Appellants had properly and sufficiently plead the prior restraint claim against it, they need only have cited to the factual support

contained in the Complaint. The failure to do so, and the discussion of inappropriate burden-shifting at the pleadings stage, among other unnecessary arguments, demonstrates in the starkest terms the propriety of the district court's judgment.

This Court should affirm.

### c. Appellant Dubash failed to state a claim against the Park Corporation for violations of the First Amendment - Free Exercise of Religion (Count 5).

Appellants argue that on four separate occasions, under authority from the City, the Conservancy prevented Dubash from his constitutional right to freely exercise his religion. Appellants' Brief. 36. The Park Corporation is not mentioned. Once again, rather than showing this Court that they met their burden to sufficiently plead facts supporting their claim (in this instance, the free exercise claim against the Park Corporation), Appellants engage in a strict scrutiny analysis and request reversal solely on those grounds. However, this is putting the cart before the horse. Appellants must meet their threshold burden to state a claim upon which relief can be granted before a state action can be analyzed under strict scrutiny on the merits, and assuming strict scrutiny is the proper standard.

Not only is the Park Corporation not mentioned, no policy is mentioned, no custom or practice is mentioned. There are simply a series of non-factual, conclusory statements on the part of the Appellants. Yet, they argue that the Conservancy's speech prohibitions are not neutral because: 1. The Complaint contains allegations

that the Conservancy treats secular activities more favorable than religious exercise; and 2. The prohibitions were allegedly determined on a case-by-case basis. Appellants' Brief. 37-38. As to the first reason, it is conclusory and refers only to Dubash's own incidents, no other religious exercise. Appellants' Brief. 36. As to the second, there is no factual allegation regarding the Park Corporation contained in the Complaint in relation to any of these secular protests. Thus, his claim is insufficient under Rule 12(b)(6).

In a nutshell, Appellants argue the alleged prohibition fails strict scrutiny, not that there is a sufficient factual basis for any free exercise claims against the Park Corporation. Appellants' Brief. 38. Therefore, the district court's judgment should be affirmed.

**III.    Appellants failed to properly raise claims under Rule 8(a)(2) against the Park Corporation; thus their dismissal was proper. Even assuming Appellants did assert such claims, they failed to satisfy the Rule 12(b)(6) standard.**

Litigants may not flout the pleading requirements set out in Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims which do not meet these requirements are not properly before a district court and further are not properly before this Court. *Phillips v. Caris Life Scis., Inc.,* 715 F. App'x 365, 370 (5th Cir. 2017).

4931-6180-4340, v. 1

To establish *Monell* liability based on a municipality's failure to train or supervise, a plaintiff must prove that: 1. The municipality failed to train or supervise the officers involved; 2. There is a causal connection between the alleged failure to supervise or train, and the alleged violation of the plaintiff's rights; and 3. The failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Hutcheson v. Dall.Cnty., Tex.*, 994 F.3d 477, 482. To show deliberate indifference, a plaintiff must allege a pattern of similar constitutional violations by untrained employees. *Id.*

> **a. Appellants did not plead *Monell* liability and/or failure to train against the Park Corporation pursuant to Rule 8(a)(2) and therefore dismissal is proper. Even assuming Appellants did assert such claims, they failed to satisfy the Rule 12(b)(6) standard.**

Count 3 of Appellants' Complaint is specifically titled, "First Amendment Violation – *Monell* Claim for Policy, Practice, or Custom (Damages) (All Plaintiffs Against Defendant City of Houston). ROA.44-45. The Park Corporation is not mentioned in the title of this claim, and within the substance of the claim it has only one indirect reference as follows:

> "211. In granting Discovery Green Conservancy authority to carry out the public function of maintaining rules of use for Discovery Green, the City provided no training to Discovery Green Conservancy and its staff (either directly or through the Park Corporation) about the First Amendment protections for speech at a public park like Discovery Green."

ROA.45.

In direct violation of Rule 8(a)(2), Appellants are now attempting to create *Monell* liability and a failure to train claim against the Park Corporation where none properly exists. There is no *Monell* liability claim nor is there a failure to train claim against the Park Corporation in the Complaint at issue pursuant to Rule 8(a)(2) and this Court should not allow Appellants to improperly amend at this late juncture. Any such claims should be formally dismissed.

In a footnote, untethered to any allegation in the Complaint or any authority for their position, Appellants now state that it is their contention that the Park Corporation is the City's agent and shares in the *Monell* liability. Appellants' Brief. 49. note 7. Again, this flouts the scope of Rule 8(a)(2) by endeavoring to insert claims where none exist, all in an effort to survive the dismissal. There is no agency claim asserted in the Complaint.

### i.  There was no policy of "unfettered discretion."

Appellants contend "the government's 'official policy' of granting unfettered discretion to the Conservancy without providing any legal or regulatory guidance 'was the moving force behind the violation' of [Appellants'] constitutional rights" and therefore provides the basis for liability under *Monell.* Appellants' Brief. 52. This argument fails for three reasons. First, as ever, Appellants do not mention the Park Corporation in this section, so it appears yet again that this argument is limited to the City.

Second, the record before this Court shows there was explicit legal guidance given to the Conservancy, in writing, which Appellants ignore.  Appellants argue, for example, that the Conservancy was given rulemaking authority "without any effort to ensure the constitutionality of the rules it imposed." Appellants' Brief. 53. Yet, the Operating Agreement expressly states that:

> "4.2   Compliance With Applicable Laws Generally. The Conservancy will comply with all Applicable Laws in connection with performance of its duties, responsibilities, and obligations under this Agreement. Nothing in this Agreement shall require the Conservancy to perform services in violation of Applicable Laws.
>
> 4.3   Rules and Regulations. The Conservancy shall have the exclusive right to establish such reasonable rules and regulations as it may deem necessary or desirable for the Park from time to time, including, without limitation rules and regulations relating to the use of, and types and sizes of activities and events in, the Park (collectively, the 'Park Rules'). The Park Rules shall comply with all Applicable Laws, … and shall be non-discriminatory to the full extent required by Applicable Laws."

ROA.811. Thus, the Conservancy is given a clear mandate to act within the bounds of the law, including the Constitution, and is prohibited from any discriminatory actions.  *Id.* Appellants argue this is a "generalized command" which does not offer guidance regarding speech prohibitions, legal obligations, and/or adherence to the First Amendment. Appellants' Brief. 55.  However, the case upon which they rely for this proposition actually supports the intentionality of the Operating Agreement's language, "[I]t is a valuable indication of Congress' concern for the preservation of First Amendment rights in the specific context of the statute in question. Thus, it

serves to validate a construction of the statute which avoids its application to protected expression." *CISPES (Comm. in Solidarity with People of El Salvador) v. F.B.I.,* 770 F.2d 468, 474 (5th Cir. 1985).

Appellants assert that, on the one hand, the First Amendment is without limitation and any attempt to even provide even reasonable place, time, and manner restrictions is prohibited. On the other hand, they complain that Appellees collectively failed to provide "*any* guidance to the Conservancy about upholding the First Amendment at Discovery Green." Appellants' Brief. 52. They conclude that the scope of the Operating Agreement, with its express reference to the applicable municipal, state, and federal laws, grants "unfettered discretion," and then go on to negatively compare this expansive and proper position with the placement of portable toilets, as if the First Amendment could be reduced to a "how-to" list of some kind. Appellants' Brief.53, n.8. Appellants' premise is without merit to assert that operating documents must somehow detail specific methods and manners of complying with the First Amendment or be considered unconstitutional. Even so, they provide no factual support for this position.

Third, the Complaint does not identify any formal or official policy promulgated or implemented by the Conservancy. ROA.1238-40. The district court reviewed nine allegations from the Complaint to determine if Appellants sufficiently established a policy – either a formally announced policy or a customary policy –

with proper factual support. ROA.1238. It concluded that Appellants' allegations in this regard lacked such support because they were "conclusory and devoid of critical factual enhancement" and are merely general recitals. ROA.1238 (citing *Verastique v. City of Dall., Tex.*, No. 23-cv-10395, 2024 WL 3325881, at *3 (5th Cir. July 8, 2024))]. Specifically, the district court found that instead of identifying a "policy," Appellants "merely state [Appellees']³ policy violates the First Amendment, that prior restraint is a policy, and there is a policy of "unfettered discretion." ROA.1238.

As Appellants point to no formal policy statement, they must demonstrate the Park Corporation's liability by establishing a pattern of its unconstitutional conduct. They have failed to do so. They first refer to their own incidents and "the only other instances [Appellants] reference are contrary to showing a pattern of unconstitutional conduct." ROA.1239. They do not have the "requisite similarity to be deemed a custom, adopted as official policy, and are not analogous to the facts." ROA.1240 (citing *Zavala v. Harris Cnty.,* No. 22-20611, 2023WL8058711 *1, November 21, 2023).

The district court also struggled with Appellants' imprecise pleadings as they relate to the Park Corporation. ROA.1234, 1236. The Memorandum and Recommendation stated:

---

³ This reference as nearly all others by Appellants, is collective.

- "Plaintiffs' Complaint *appears to assert* the Park Corporation is liable for unconstitutional policies, practices, and/or customs with respect to their [§1983 Claims]." ROA.1234. (emphasis added).

- "Again, *it is unclear* which policy and practices Plaintiffs are referring to here. The Court refrains from making assumptions as to what 'of the same' means." ROA.1236. (emphasis added).

- "Plaintiffs' Complaint *appears to assert* that the Park Corporation is liable for failure to train Conservancy staff with respect to their First Amendment violation for restricting free exercise of religion. (Count 5)." ROA.1240. (emphasis added).

- "*To the extent Plaintiffs attempt* to allege the Park Corporation provided "no training…." ROA.1241. (emphasis added).

Assuming this Court finds Appellants raised even the specter of *Monell* liability claim against the Park Corporation, they wholly failed to plausibly allege facts sufficient to survive the motion to dismiss.  Accordingly, this Court should affirm.

### ii.  There is no failure to train claim.

The district court was correct in that the Complaint never alleges any information about training the Park Corporation did or failed to do.  ROA.1242; ROA.1307-1308. Appellants' allegations regarding failure to train are without

factual support as to anything the Park Corporation did or failed to do. Moreover, Appellants fail to allege sufficient facts to show a pattern of similar constitutional violations by untrained employees necessary to demonstrate deliberate indifference. *Hutcheson*, 994 F.3d at 482.

However, Appellants contend that they have satisfied plausibility with regard to their failure to train claim because: 1. The City and the Park Corporation "failed to adequately train Conservancy staff and local law enforcement about the First Amendment's applicability;" and 2. The City and the Park Corporation "enacted and ratified multiple policies and practices that were the 'moving force' behind the violations of [Appellants'] constitutional rights." ROA.1233. However, the very language they utilize belies the deficiency of their pleadings.  First, they do not distinguish between the City and the Park Corporation as to what failures they allege, what policies and procedures were enacted by which Appellee. Second, Appellants do not allege any facts about the training, or even the "multiple" policies and procedures which they contend was present as the moving force behind the violations.  *Id.*

Appellants complain that the district court disregarded the "pattern" of four instances of their alleged unconstitutional treatment by the Park Corporation.  The district court concludes that, "[Appellants] cannot establish a pattern of similar constitutional violations by untrained employees by relying only on facts that give

27

rise to the Complaint here." ROA.1214.[4] Appellants attempt to bootstrap their own claims as a "pattern" and then refer obliquely to other protests which have no analogous relation to the Complaint—neither of which succeeds. Appellants also argue that there is no requirement at the pleading stage that they should be required to point to additional incidents outside the Complaint to allege an actionable policy. Yet, there is. *See Ratliff v. Aransas Cnty., Tex.,* 948 F.3d 281, 285 (5th Cir. 2020).

They also fail to show the single-incident exception applies because they appear to argue that the Park Corporation provided no training with regard to the First Amendment. *See Est. of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005). At best, Appellants present this Court with a conclusory statement that the Park Corporation failed to train the Conservancy's employees (and possibly even the police officers, it is unclear) and the failure caused Appellants' alleged constitutional violations. ROA.1242 (citing *Ratliff,* 948 F.3d at 285).

Appellants rely on several cases for the proposition that courts routinely consider multiple violations to establish pattern. Yet again, they miss the district court's point. The district court was not stating that it could not consider multiple

---

[4] Appellants complain about this conclusion in the Failure to Train section of their brief as it relates to the City, but not as to the Park Corporation. Further, they complain that the district court had no authority for this proposition. However, the district court referenced this proposition later in the Memorandum and Recommendation with citation to *Ratliff,* 948 F.3d at 285.

incidents to determine pattern. Appellants' Brief. 52. Instead, the district court was properly stating that Appellants cannot plead pattern through their own alleged allegations, even if there was more than one. *Ratliff,* 948 F.3d at 285 ("[P]lausibly to plead a practice 'so persistent and widespread as to practically have the force of law,' [Appellants] must do more than describe the incident that gave rise to his injury.") In fact, the cases cited by Appellants show this. *See e.g., McNeal v. LeBlanc,* 90 F.4th 425, 432 (5th Cir. 2024)(per curiam)(jail admitted rampant overdetention); *Duvall v. Dallas Cnty.,* 631 F.3 203, 207-208 (5th Cir. 2011)(per curiam)(jail noted serious outbreaks of infection for three years prior to plaintiff's occurrence, and including 20% of population); *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 456-57 (5th Cir. 1994)(en banc)(school officials observed inappropriate behavior between teacher and numerous freshman girls prior to Jane Doe case being filed).

Appellants do not provide reference to any specific allegations about what training is or should be provided by the Park Corporation, how such training is inadequate, how the supervision or discipline at the Conservancy is inadequate, or even how the Park Corporation was deliberately indifferent. They continue to stand on a conclusory statement that a failure to train regarding the First Amendment caused the purported constitutional violations. Appellants' Brief.50; *See Ratliff,* 948 F.3d at 285 ("Ratliff's complaint states in conclusory fashion that a 'deficiency in

29

training actually caused Defendants Scudder and Sheffield to violate Plaintiff's constitutional rights.' But, absent specific allegations supporting a plausible causation inference, this legal conclusion does not state a claim for relief and warrants dismissal under Rule 12(b)(6).")].

Therefore, Appellants did not provide any factual support for the failure to train claim (which the Park Corporation contends was not brought against it in the first place) by: 1. Failing to sufficiently allege multiple unconstitutional policies, practices, and/or customs on the part of the Park Corporation; 2. Failing to sufficiently allege the Park Corporation failed to adequately train the Conservancy staff; and 3. Failing to sufficiently allege deliberate indifference through a pattern or application of the single-incident exception.

The Court should, then, affirm the dismissal of Appellants' *Monell* liability and failure to train claim.

> **b. Appellants did not plead ratification against the Park Corporation under Rule 8(a)(2) and therefore dismissal is proper. Even assuming Appellants did assert such a claim, it failed to satisfy the Rule 12(b)(6) standard.**

There is no ratification claim brought in the Complaint as to any party, much less the Park Corporation. ROA.1236. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Appellants failed to do so with regard to the legal theory of ratification.

It defies logic to assume that a nearly 300-paragraph Complaint merely neglected to mention the word ratification but otherwise laid out a short and plain statement of the claim which neither the Appellees nor the Magistrate Judge nor the district court noted. Further, Appellants argue they have no need to set out a legal theory, because their factual allegations are sufficient. Appellants' Brief. 58. The very point the district court made throughout its adopted analysis, and the very point that the Park Corporation has made since the motion to dismiss is that there are no sufficient factual allegations to support any claims against it, much less one which was never mentioned at all.

Let us review the full extent of Appellants' *Monell* liability claim (Count 3), and in doing so note that it is patently apparent that no ratification claim has ever been made. The Count contains twelve distinct paragraphed allegations and the obligatory incorporation introduction. ROA.44-45. The first paragraph alleges prior restraint and delegation of final policymaking authority. ROA.44, ¶206. The second and third paragraphs make further allegations of prior restraint. ROA.44, ¶¶207-208. The fourth and fifth paragraphs allege the City maintained a policy of no guidance to the Conservancy regarding rulemaking, and such policy caused harm to Appellants. ROA.44, ¶¶209-210. The sixth, seventh, ninth, and tenth paragraphs outline their failure to train claim against the City. ROA.45, ¶¶ 211-212, 214-215. The eighth paragraph alleges the constitutional duties of park administrators.

31

ROA.45, ¶213. The final two paragraphs in the *Monell* liability claim allege the policies were the moving force behind the constitutional violations and as a result Appellants are entitled to recover damages.  ROA.45. ¶¶216-217. No allegation in this Count, even in the most generous reading, can be construed as ratification. Exhibit E is not discussed. The Park Corporation is only mentioned in directly in relation to the failure to train. ROA.45, ¶211.  Where in any of these paragraphs is a short and plain statement which describes or refers to ratification?  They seem to be largely conclusory statements without factual sufficiency as to the Park Corporation. The district court correctly determined the ratification claim did not exist. ROA.1236; ROA.1307.

Appellants point to the letter which they sent to the City, ostensibly as factual support. Appellants' Brief. 57; ROA.36 (¶¶ 155-158); ROA.160-163, 165-167. The Complaint states it was sent to the Park Corporation. ROA.36 (¶155). However, the exhibit referenced in the Complaint – Exhibit E – does not show any letter addressed or sent to the Park Corporation.  ROA.159-164. The Complaint references the City's confirmation of the letter, and the Conservancy's response. ROA.37 (¶¶159-160). There is no reference to the Park Corporation's receipt of the letter, confirmation of receipt of the letter, or response to the letter in the Complaint. Appellants' Brief. 57. To be unequivocally clear and to be consistent with Exhibit E, the Park Corporation **never** confirmed receipt of the letter. Thus the letter cannot provide factual support

for a ratification claim against the Park Corporation, even assuming this Court wishes to entertain the claim of ratification which Appellants did not make until after the Memorandum and Recommendation was issued.

Without any substantive reference to the Park Corporation in the Complaint or in the brief in relation to ratification, Appellants then suddenly drop in the conclusory statement that the Park Corporation is liable under *Monell.* The rules and the well-settled authority under *Iqbal* require much more. This Court should formally dismiss this failed pleading and the attempt to improperly amend at this late juncture. Fed. R. Civ. P. 8(a)(2). Any such claim of ratification against the Park Corporation should be dismissed as improperly raised or as having failed to state a claim by the lack of factual support.

The district court's judgment should be affirmed.

## IV. The district court properly declined to exercise jurisdiction over Appellants' TRFRA state law claims (Count 6).

Appellants have not briefed, substantively, the district court's dismissal of Appellant Dubash's state law claims under the TRFRA (Count 6). There is a request for reversal of the dismissal with remand to exercise supplemental jurisdiction"[b]ecause dismissal of [Appellants'] federal claims was in error" in the Conclusion. Appellants' Brief. 67. However, this Court has found such a request to be insufficient. "As we have said, the mere request for relief in the concluding section of an appellate brief does not constitute a supported argument, nor does it

preserve the issue for review. Accordingly, this argument is waived." *Castro v. McCord*, 259 F. App'x 664, 667 (5th Cir. 2007). Therefore, Appellants have waived review of Appellant Dubash's state court claims and the judgment of the district court should be affirmed in relation to Count 6.

## V.    The district court properly denied Appellants' motion for preliminary injunction as moot.

Appellants cite two cases for the proposition that "this Court may consider whether Plaintiffs are entitled to injunctive relief based on 'the facts of individual cases'" – *Singleton v. Wulff* and *Byrum v. Landreth. Singleton v. Wulff,* 428 U.S. 106, 121 (1976) *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Appellants' reliance on these cases is misplaced.

In *Singleton,* the defendant in the case filed a motion to dismiss for lack of standing. *Singleton,* 428 U.S. at 106. The district court granted the motion to dismiss. *Id.* The Court of Appeals reversed, finding that the plaintiff did have standing, but went on to consider the merits of the case – the constitutionality of a statute – prior to remand. *Id.* The Supreme Court held that the plaintiff did have standing but that the Court of Appeals should not have considered the merits of the case without allowing the defendant an opportunity to answer and defend. *Id.* at 107.

> "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases. We announce no general rule. Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is

beyond any doubt, see *Turner v. City of Memphis*, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962), or where "injustice might otherwise result." *Hormel v. Helvering*, 312 U.S., at 557, 61 S.Ct. at 721. **Suffice it to say that this is not such a case.** The issue resolved by the Court of Appeals have never been passed upon in any decision of this Court. This being so, injustice was more likely to be caused than avoided by deciding the issue without petitioner's having had an opportunity to be heard.

Assuming, therefore, that the Court of Appeals had jurisdiction to proceed to the merits in this case, **we hold that it should not have done so.** To that extent, its judgment is reversed, and the case is remanded with directions that it be returned to the District Court so that petitioner may file an answer to the complaint and the litigation proceed accordingly."

*Id.* at 121. (emphasis added). Thus, in the *Singleton* case, the Supreme Court remanded for consideration the preliminary injunction only after it determined the plaintiff had met the burden to show standing, and without regard to the merits of the injunction. *Id.*

The case before this Court is different. First, Appellants have not met their burden to show they have properly stated a claim upon which relief could be granted. Without crossing that hurdle, there is nothing to remand because the dismissal should be affirmed.

Second, as the *Singleton* analysis concludes, a court of appeals cannot address the merits – in this case, for injunctive relief – which is what Appellants argue in the brief, when it had not been raised at the district court level. Appellants' Brief. 65-67. Even the title of the section requests this Court to weigh in on the merits: "Only Immediate Injunctive Relief Can Resolve the Ongoing Violations of Dubash and

Harsini's First and Fourth Amendment Rights." Appellants' Brief. 65. Appellants request remand with instruction to enter a preliminary injunction, which is clearly a decision on the merits. *Id.* The appropriate posture under *Singleton,* assuming Appellants met their burden to show they did allege sufficient facts to state a claim upon which relief could be granted, would be for this Court to simply remand to the district court for further proceedings. The district court did not reach the merits of the preliminary injunction for Appellants; it denied the relief as moot based on the rulings on the motion to dismiss. ROA.1307. Thus, it would be inappropriate for this Court to do so, as such an action would "be an unacceptable exercise of its appellate jurisdiction," the very kind of which *Singleton* warns against. *Id.* at 120.

The *Byrum* case is also inapplicable. The parties in *Byrum* filed cross motions for summary judgment, and the plaintiffs requested a preliminary injunction – all of which the district court denied, holding that neither party met their respective evidentiary burdens for the dispositive motions. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). The plaintiffs – interior designers in Texas – filed the appeal to request the reversal of the denial of their preliminary injunction and the denial of their summary judgment under a theory of pendent jurisdiction. *Id.* at 445, 449. This Court discussed at length the district court's analysis of the merits of the preliminary injunction to come to its decision to remand. *Id.* at 445-449. However, this means the matter of the sufficiency of the pleadings was not at issue in *Byrum* and, because

36

of the denial of the motions for summary judgment, no dispositive motion had been granted which would have extinguished the request for injunctive relief. *Id.* Moreover, in *Byrum* the merits of the preliminary injunction had been considered by the district court. That is not what is before the Court in the present matter. Here, this Court must review the threshold issues in the Park Corporation's motion to dismiss before it can reach the district court's decision that the preliminary injunction was moot; the merits of the preliminary injunction are not before this Court. ROA.1307. Here, Appellants insufficient pleading prohibits their entitlement to injunctive relief – we do not reach a review of the merits of the preliminary injunction because the pleadings do not satisfy the 12(b)(6) standard and because it was not reached below.

In the alternative, and should this Court find the merits of the preliminary injunction should be reached, the Park Corporation asks for the opportunity to fully address the issue. In a general sense, the Park Corporation asserts Appellants have not met their burden to show they are entitled to injunctive relief against the Park Corporation. They have not shown a substantial likelihood of success on the merits against the Park Corporation. *Speaks v. Kruse,* 445 F.3d 396, 399-400 (5th Cir. 2006). They have not shown a threat of irreparable injury if the injunction against the Park Corporation is not issued. *Id.* There has been no showing that the Park Corporation engaged in any unconstitutional speech restrictions or that any of the

37

Park Corporation's actions harm the public interest in any way. *Id.* at 400. There is simply nothing before the Court to demonstrate the Appellants' entitlement to injunctive relief against the Park Corporation. It is not the final policymaker or rulemaker; it does not operate the park; it does not develop, promulgate, implement, and/or enforce any of the Park Rules. ROA.27-35.

The denial of the motion for preliminary injunction as moot should be affirmed.

## AMICUS BRIEFS

The Park Corporation acknowledges the filing of amicus briefs from:

- ACLU;

- American Hindu Coalition;

- The Center for American Liberty;

- Hindu American Foundation;

- The Law Enforcement Action Partnership et al.;

- Liberty Justice Center;

- National Press Photographer's Association;

- Protect the First Foundation; and

- Young America's Foundation et al.

However, most of these briefs address issues raised by Appellants in relation to the City, the Conservancy, Mandel, Whitworth, and Douglas; and not the Park

Corporation. To the extent amicus briefs do address issues related to the Park Corporation, they are addressed below or references are presented below.

The Hindu American Foundation states that it "writes to elucidate the reasons why Dubash's Complaint alleges a plausible constitutional violation of his Free Exercise rights." ECF 47 at 10. However, as to the Park Corporation, the brief does not raise any issues which Appellants have not already covered. The Park Foundation includes its response in Section V.II.c. infra.

The Liberty Justice Center addresses, inter alia, that the Park Corporation has been delegated the traditional exclusive public function of operating a public park and final rulemaking authority by Houston, qualifies as a state actor. ECF 41 at 16. This is not at issue in this appeal. The Park Corporation is a local government corporation created by the City of Houston to develop Discovery Green. ROA.15, ¶15; 24, ¶59; and 36, ¶157. The Park Corporation owns the property that comprises the green space (ROA.31, ¶121), performs governmental functions, and through an Operating Agreement, engaged the Conservancy as an "independent contractor to operate and manage the Park…." ROA.806-873. The district court found it to be a municipal entry for the purposes of § 1983 claims. ROA.1233. Moreover, the Liberty Justice Center requests this Court grant Appellants motion for preliminary injunction. The Park Corporation argues this is improper and refers the Court to the argument in Section V.V. infra.

Finally, The Law Enforcement Action Partnership et al allege that "municipalities know their officers will encounter First Amendment activity and failure to provide clear policies and training is sufficient to establish a *Monell* claim." ECF 37, at 23. It contends that the district court improperly denied Dubash's claims *Monell* claims because "either institution was on notice of policy or training deficiencies" and Dubash sufficiently alleged a *Monell* claim *Id.* It is unclear which institutions to which The Law Enforcement Action Partnership refers. However, it then refers to police officers and "their employer" which is most likely a reference to the City.

It argues that "The central question in determining municipal liability for lack of guidance is foreseeability." *Id.* at 24; *Brown v. Bryan Cnty.,* 219 F.3d 450, 458 (5th Cir. 2000) (discussing foreseeability of harm in light of lack of other guidance mechanisms short of training). There are no factual allegations in the record indicating that the Park Corporation could have foreseen any policy or training issues which Appellants are basing their claims.

The Law Enforcement Action Partnership also cites to several cases for the proposition that "a plaintiff does not have to provide detailed evidence of how a training or policy is lacking to proceed under a single incident theory of liability." ECF 41 at 24. These cases are distinguishable. First, in *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164 (1993), the

Supreme Court was not addressing the Rule 12(b)(6) standard – which is not considered a heightened standard. It involved the application of a Rule 9 pleading, which is not present here.  Next, this Court held that plaintiffs who did not plead a pattern of prior constitutional violations, still provided sufficient pleadings under the Rule 12(b)(6) standard because of other instances indicating that a delay in medical care to a critically ill detainee can constitute deliberate indifference. *See Ford v. Anderson Cnty.,* 102 F.4th 292, 320 (5th Cir. 2024). However, Appellants have not show any factual support for their policy and custom, or failure to train claims against the Park Corporation, unlike the plaintiff in *Ford* who was able to demonstrate the county treated him with deliberate indifference.

The Law Enforcement Action Partnership also argues that "courts have consistently found that at the 12(b)(6) stage, allegations of a total lack of training on a particular topic is sufficient to survive a motion to dismiss." ECF 37, 25. However, it then only cites to one district court case. *See, e.g., Schaefer v. Whitted,* 121 F. Supp. 3d 701, 719 (W.D. Tex. 2015). The *Schaefer* case, however, refers to very specific allegations concerning several aspects of use of force. *Id.*  Here, Appellant simply contend, with conclusory and generalized statements, that Appellees collectively failed to train. By contrast, the district court found *Est. of Davis ex rel. McCully*, 406 F.3d at 386, supports the position that the single incident exception does not apply.  ROA.1241.  The Law Enforcement Action Partnership ultimately

concludes that Dubash needed only to plead "the City failed to train" to survive a 12(b)(6) challenge.  ECF 37 at 25. This is not the standard, would not, and has not been found to be sufficient. By way of full and further discussion, the Park Corporation refers the Court to Section V.III.a.iii infra.

Nothing the amicus briefs raise herein is sufficient to rebut the district court's ruling as to the Park Corporation.  The judgment should be affirmed.

<u>**CONCLUSION**</u>

Appellee, the Houston Downtown Park Corporation respectfully requests this Court affirm the Judgment of the district court in its favor, in its entirety, and for costs and other relief to which it may find itself to be justly entitled.

Respectfully submitted,
**LANGLEY & BANACK, INC.**
Trinity Plaza II
745 East Mulberry, Suite 700
San Antonio, TX  78212
Telephone:   (210) 736-6600
Facsimile:    (210) 735-6889
Email:  LMacom@langleybanack.com

 */s/ Laura Flores Macom*
LAURA FLORES MACOM
SBN:  24002512
**ATTORNEYS FOR APPELLEE,**
**HOUSTON DOWNTOWN PARK**
**CORPORATION**

## CERTIFICATE OF COMPLIANCE

1.  This motion complies with the word limit of FED. R. APP. P. 27(d)(2)(A) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f).

    **X**    this brief contains __**9795**_____ words, or

    ___    this brief uses a monospaced typeface and contains _____ lines of text.

2.  This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

    **X**    this brief has been prepared in a proportionally spaced typeface using **Microsoft® Word for Microsoft 365, 64-bit** in **14-point**, **Times New Roman font**, or

    ___    this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].


 */s/ Laura Flores Macom*
Laura Flores Macom


Date: April 23, 2025

43

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to CM/ECF, on the 23rd day of April, 2025, to counsel of record who are registered to receive notifications in this matter via PACER.


*/s/ Laura Flores Macom*
Laura Flores Macom

4931-6180-4340, v. 1